UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JARED REGAN | CIVIL ACTION |
| versus | NO.: 21-3993 |
| NOBLE DRILLING (U.S.), LLC ET AL | DISTRICT JUDGE _____ |
| | MAGISTRATE JUDGE _____ |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Noble Drilling (U.S.), LLC ("Noble Drilling") who removes the action entitled *"Jared Regan versus Noble Drilling (U.S.), LLC, Noble Drilling Services, Inc., Noble Drilling Holding, LLC, Noble Leasing II (Switzerland) GmbH, Shell Oil Company, and Shell Offshore, Inc.*" Docket No. C110148J, from the 15th Judicial District Court for the Parish of Vermilion, State of Louisiana, to the United States District Court for the Western District of Louisiana, Lafayette Division, pursuant to 43 U.S.C. § 1349 and 28 U.S.C. §§ 1331, 1332, 1333 and 1441, *et seq.,* as well as the additional grounds discussed in this Notice of Removal. In support hereof, Noble Drilling avers as follows:

## PLAINTIFF'S CLAIMS

1.

On or about October 20, 2021, the above-entitled action was commenced in the 15th Judicial District Court, Parish of Vermilion State of Louisiana. Attached as Exhibit "A" is a complete copy of all pleadings currently filed in the 15th Judicial District Court for the Parish of Vermilion.

2.

In Plaintiff's Petition, Plaintiff alleges as follows:

- "At all times pertinent hereto, the *GLOBETROTTER II* was working in the Gulf of Mexico, off the Louisiana coast…." Petition, at Paragraph 18.

- "At times pertinent hereto, Regan was a filtration technician employed by Pro-T and working in the Gulf of Mexico, off the Louisiana coast aboard the *GLOBETROTTER II*." Petition, at Paragraph 6.

- "The *GLOBETROTTER II* is an ultra-deep-water drillship 620 feet in length, 105 feet in breadth, and 62 feet in depth…" Petition, at Paragraph 14.

- "On August 28, 2021, Regan was aboard the *GLOBETROTTER II* in the Gulf of Mexico." Petition, at Paragraph 20.

- "This action is brought under 33 U.S.C. § 905(b) of LHWCA as modified by the General Maritime Law of the United States…." Petition, at Paragraph 2.

3.

Plaintiff's Petition does not allege that he is a Jones Act seaman.

## GROUNDS FOR REMOVAL

### I.     Jurisdiction Under 43 U.S.C. § 1349 (OCSLA)

4.

At all relevant times, the *GLOBETROTTER II* was under contract to provide services in or around Mississippi Canyon block 809 ("MC 809"). MC 809 is located on the Outer Continental Shelf approximately 140 miles south-southeast of New Orleans. The services performed by the *GLOBETROTTER II* involve the exploration, development, and/or production of the minerals of the subsoil and seabed of the Outer Continental Shelf. "But for" those operations on the Outer Continental Shelf, Plaintiff's alleged claims (which are denied) would not have arisen.

5.

For the reasons set forth above, this Court has jurisdiction over this action because District Courts of the United States have original jurisdiction over cases and controversies arising out of or in connection with any operation conducted on the Outer Continental Shelf.

6.

This Court therefore has original subject matter jurisdiction under 43 U.S.C. § 1349(b).

### II.    Alternatively, Jurisdiction Under 28 U.S.C. § 1331 (Federal Question)

7.

Alternatively, this Court also has original subject matter jurisdiction under 28 U.S.C. § 1331, in that the claims asserted may arise under federal statutes, namely, the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq.*

### III.     Alternatively, Jurisdiction Under 28 U.S.C. § 1332 (Diversity)

8.

Alternatively, this Court also has original subject matter jurisdiction under 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and complete diversity exists between the Plaintiff and all Defendants.

9.

Plaintiff, Jared Regan, is alleged to be a citizen of the State of Louisiana. Petition, at Paragraph 4.

10.

Defendant, Noble Drilling (U.S.) LLC is a limited liability company and its sole member is Noble Drilling Services LLC. Noble Drilling Services LLC was formerly known as Noble Drilling Services, Inc.

11.

Defendant, Noble Drilling Services LLC f/k/a Noble Drilling Services Inc. is a limited liability company and its sole member is NDSI Holding Limited. NDSI Holding Limited is an exempted company incorporated in the Cayman Islands with limited liability. NDSI Holding Limited's sole member is Noble Holding (U.S.) LLC. Noble Holding (U.S.) LLC's sole member is Noble Corporation Holding LLC. Noble Corporation Holding LLC's sole member is Noble Corporation Holdings Ltd. Noble Corporation Holdings Ltd. is an exempted company incorporated in the Cayman Islands with limited liability limited by shares. Noble Corporation Holdings Ltd.'s sole member is Noble Eagle LLC. Noble Eagle LLC's sole member is Noble NEC Holdings Limited, which is incorporated in England and Wales as a private company limited by

shares. Noble NEC Holdings Limited's sole member is Noble 2018-IV Guarantor LLC. Noble 2018-IV Guarantor LLC's sole member is Noble Finance Company. Noble Finance Company is a Cayman Islands exempted company limited by shares. Noble Finance Company's sole member is Noble Corporation. Noble Corporation is incorporated in the Cayman Islands and has its principal place of business in Texas. Accordingly, Noble Drilling Services LLC f/k/a Noble Drilling Services, Inc. and Noble Drilling (U.S.) LLC are not citizens of Louisiana.

12.

Defendant, Noble Drilling Holding LLC is a limited liability company and its sole member is Noble Cayman Limited. Noble Cayman Limited's sole member is Noble Boudreaux Limited. Noble Boudreaux Limited is a Cayman Islands LLC and its sole member is Noble Drilling Services 6 LLC. Noble Drilling Services 6 LLC's sole member is Noble 2018-III Guarantor LLC. Noble 2018-III Guarantor LLC's sole member is Noble Holding International Limited. Noble Holding International Limited is a Cayman Islands exempted company limited by shares and its sole member is Noble SCS Cayman LP. Noble SCS Cayman LP is a Cayman Island partnership, and its partners include Noble Drilling Services 2 LLC as the general partner and Noble Drilling Services LLC (see Paragraph 11) as the limited partner. Noble Drilling Services 2 LLC's sole member is Noble Holding (U.S.) LLC (see Paragraph 10 & 11). Accordingly, Noble Drilling Holding LLC is not a citizen of Louisiana.

13.

Named Defendant, Noble Leasing II (Switzerland) GmbH, was misnamed and may now be referred to as Paragon Offshore Leasing (Switzerland) and is possibly defunct. This entity has not been properly served, and alternatively, has been improperly joined. As such, its citizenship

is not considered when determining citizenship of the parties for purposes of removal. *Texas Brine Co., LLC v. American Arbitration Assoc, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020). Regardless, neither the entity Noble Leasing II (Switzerland) GmbH nor Paragon Offshore Leasing (Switzerland) are a citizen of the State of Louisiana.

14.

Defendant, Shell Oil Company, is a Delaware corporation with a principal place of business in the State of Texas. It is not a citizen of the State of Louisiana.

15.

Defendant, Shell Offshore Inc. is a Delaware corporation with a principal place of business in the State of Texas. It is not a citizen of the State of Louisiana.

16.

Plaintiff is a citizen of Louisiana. No properly joined and served Defendants are citizens of Louisiana. Thus, complete diversity is present. This Court therefore has original subject matter jurisdiction under 28 U.S.C. § 1332.

**IV. Alternatively, Jurisdiction Under 28 U.S.C. § 1333 (Admiralty)**

17.

Alternatively, this Court also has original subject matter jurisdiction under 28 U.S.C. § 1333. Plaintiff has alleged claims under 33 U.S.C. § 905(b) of the LHWCA as modified by the General Maritime Law of the United States related to his alleged presence aboard a vessel located on navigable waters.

**REMOVAL PROCEDURE**

18.

This matter is removable under 28 U.S.C. § 1441, in that it is a civil action over which the United States District Court for the Western District of Louisiana has original subject matter jurisdiction under 43 U.S.C. § 1349 and/or 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1333.

**I.      The Savings to Suitors Clause.**

19.

As set forth above, this Court has original subject matter jurisdiction under 43 U.S.C. § 1349 (OCSLA).  And alternatively, this Court has original subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and/or 28 U.S.C. § 1332 (diversity).

20.

The "savings to suitors clause" does not guarantee Plaintiff a nonfederal forum or limit the right of defendants to remove such action to federal court where there exists some basis for federal jurisdiction other than admiralty.  *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 220 (5th Cir. 2013); *Tennessee Gas Pipe v. Houston Cas. Ins. Co.*, 87 F.3d 150, 152-153 (5th Cir. 1996).

21.

Instead, removal of allegedly maritime cases is permissible as long as there is an independent basis for federal jurisdiction like OCSLA.  Further, "federal courts retain their original federal question jurisdiction under OCSLA even where maritime law eventually provides the substantive rule of decision."  *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 220 (5th Cir. 2013); *Morris v. T.E. Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003).

22.

Here, there is an independent basis for federal jurisdiction besides admiralty, including, but not limited to, 43 U.S.C. § 1349 (OCSLA), 28 U.S.C. § 1331 (federal question), and/or 28 U.S.C. § 1332 (diversity). Accordingly, the "savings to suitors clause" contained in 28 U.S.C. § 1333 does not prevent removal of this action.

**II.     Venue and Timeliness.**

23.

Venue is proper in this court pursuant to 28 U.S.C. § 1446(a) because Vermilion Parish, from which the state court action has been removed, belongs to and/or forms part of this District and the Lafayette Division.

24.

Defendant, Noble Drilling (U.S.) LLC, was served on November 2, 2021, with a copy of the Petition for Damages and a Citation issued by the 15th Judicial District Court for the Parish of Vermilion. See Exhibit "A," at Page 16.

25.

Noble Drilling has filed this Notice of Removal within thirty (30) days of it being served on November 2, 2021. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

### III.     Consent to Removal.

26.

Under 28 U.S.C. § 1446(b)(2)(A), in certain removals "all defendants who have been properly joined and served must join in or consent to the removal of the action."

27.

Named Defendants to this matter, Noble Drilling Services LLC f/k/a Noble Drilling Services, Inc. and Noble Drilling Holding LLC, consent to this removal as evidenced by their signed Written Consent to Removal, which is attached hereto as Exhibit "B."

28.

Named Defendants to this matter, Shell Oil Company and Shell Offshore Inc. consent to this removal as evidenced by their signed Written Consent to Removal, which is attached hereto as Exhibit "C".

29.

Named Defendant to this matter, Noble Leasing II (Switzerland) GmbH, is a defunct entity that has not been served and/or was improperly joined.  As such, all defendants who have been properly joined and served join in or consent to the removal of this action.

## IV. Other Matters.

30.

In accordance with the provisions of 28 U.S.C. § 1446(a), Noble Drilling attaches as Exhibit "A" to this Notice of Removal, a true and correct copy of all process, pleadings, and Orders filed in the action entitled *"Jared Regan versus Noble Drilling (U.S.), LLC, Noble Drilling Services, Inc., Noble Drilling Holding, LLC, Noble Leasing II (Switzerland) GmbH, Shell Oil Company, and Shell Offshore, Inc."* Docket No. C110148J, 15th Judicial District Court for the Parish of Vermilion, State of Louisiana.

31.

Written notice of the filing of this Notice of Removal will be given to Plaintiff, as required by the provisions of 28 U.S.C. § 1446(d).

32.

A true and correct copy of this Notice of Removal will be filed with the Clerk of Court for the 15th Judicial District Court for the Parish of Vermilion, State of Louisiana, as required by the provisions of 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant, Noble Drilling (U.S.) LLC hereby removes this action to the United States District Court for the Western District of Louisiana.

Respectfully submitted:

**KEAN MILLER LLP**

**TIMOTHY WAYNE STRICKLAND (TX #19396298)**
**STACEY TYREE NORSTRUD (TX #24025363)**
*Pro hac to be applied for*
711 Louisiana Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 844-3000

  /s/ Robert M. Kallam
**ROBERT M. KALLAM (TX #24034175; LA #20242)**
**TAYLOR ASHWORTH (LA #39404)**
600 Jefferson Street, Suite 1101
Lafayette, Louisiana 70501
Telephone: (337) 235-2232

**BRADLEY J. SCHLOTTERER (LA #24211)**
**SEAN T. McLAUGHLIN (LA #31870)**
First Bank and Trust Tower
909 Poydras Street, Suite 3600
New Orleans, Louisiana 70112
Telephone: (504) 585-3050

ATTORNEYS FOR NOBLE DRILLING (U.S.), LLC AND NOBLE DRILLING SERVICES LLC F/K/A NOBLE DRILLING SERVICES INC. AND NOBLE DRILLING HOLDING LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this the 17th day of November, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to those who are non-CM/ECF participants.

                    /s/ Robert Kallam
                    **Robert Kallam**