Vermilion Parish
Filed Oct 20, 2021 2:18 PM
Shyla Landry
Deputy Clerk of Court

C-110148
J

# JONES & HILL

### ATTORNEYS AT LAW
#### (Limited Liability Corporation)

J. CRAIG JONES*†
CRAIG RAY HILL*

*A PROFESSIONAL LAW CORPORATION
†ADMITTED TO PRACTICE IN LOUISIANA AND TEXAS

**131 HIGHWAY 165 SOUTH**
**OAKDALE, LOUISIANA 71463**
TELEPHONE: (318) 335-1333
FACSIMILE: (318)335-1934
www.joneshilllaw.com
**LAKE CHARLES ● OBERLIN ● OAKDALE ● ALEXANDRIA**

WRITER'S DIRECT DIAL NUMBER
(318) 335-1333
ALL EMAIL RESPONSES SHOULD
BE DIRECTED TO
VALERIE MARICLE, PARALEGAL
TO J. CRAIG JONES
valerie@joneshilllaw.com

**Via Facsimile (337) 898-0404**
**And Certified Mail**
**Receipt No.**
**7018 0680 0000 6434 6098**
**Return Receipt Requested**

October 15, 2021

Vermillion Parish Clerk of Court, 15th JDC
100 North State Street
Suite 101
Abbeville, LA  70510

***Re:   Jared Regan vs. Noble Drilling (U.S.) LLC, Noble Drilling Services, Inc., Noble Drilling Holding, LLC, Noble Leasing II (Switzerland) GMBH, Shell Oil Company and Shell Offshore, Inc. --- New Suit Filing***

Dear Clerk of Court:

Enclosed please find a Petition for Damages, Request for Notice of Trial Date and Order for Trial by Jury to be filed.  After please forward to the Judge for consideration and signature.

Thereafter, please serve per service instructions.  Further, please return a certified copy to our office. I have enclosed a copy of the Petition for Damages as well as a self-addressed stamped envelope for your convenience.

Also enclosed please find our firm's check in the amount of $950.00 to cover filing costs.

Thanking you for your usual courtesies and kind services, I remain

Yours truly,

Valerie Maricle
Paralegal to J. Craig Jones
Enclosures

Vermilion Parish
Filed Oct 20, 2021 2:18 PM
Shyla Landry
Deputy Clerk of Court

C-110148
J

## FIFTEENTH JUDICIAL DISTRICT COURT
## PARISH OF VERMILLION
## STATE OF LOUISIANA

| | |
|---|---|
| **JARED REGAN** | :: |
| | :: |
| **VERSUS** | ::   **DOCKET NO:**_____ |
| | :: |
| **NOBLE DRILLING (U.S.) LLC,** | :: |
| **NOBLE DRILLING SERVICES, INC.,** | :: |
| **NOBLE DRILLING HOLDING, LLC,** | :: |
| **NOBLE LEASING II (SWITZERLAND)** | :: |
| **GMBH, SHELL OIL COMPANY,** | :: |
| **AND SHELL OFFSHORE, INC.** | :: |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### PETITION FOR DAMAGES

**COMES NOW** Jared Regan ("Regan") who for his petition for damages avers to

wit:

1.

Made Defendants herein are:

    a.    Noble Drilling (U.S.), LLC;

    b.    Noble Drilling Services, Inc.;

    c.    Noble Drilling Holding, LLC;

    d.    Noble Leasing II (Switzerland), GmbH, (Defendants

        (a) through (d) are hereinafter sometimes collectively

        referred to as the "Noble Defendants"); and

    e.    Shell Oil Company; and

    f.    Shell Offshore, Inc. (Defendants (e) & (f) are

        hereinafter sometimes collectively referred to as the

        "Shell Defendants").

2.

This action is brought under 33 U.S.C. § 905(b) of LHWCA as modified by the

General Maritime Law of the United States.  Thus, this Court has exclusive jurisdiction

of this civil action pursuant to the "savings to suitors" clause contained in 28 U.S.C. §
1333 which proceeds from Section 9 of the Judiciary Act of 1789.

3.

Venue is proper under Article 42 of the Louisiana Code of Civil Procedure,
especially Article 42 (5) of the Louisiana Code of Civil Procedure.

4.

Your plaintiff herein, Regan, age 39, is a person of the full age of majority and a
resident of Abbeville, Vermillion Parish, Louisiana.

5.

At all times pertinent hereto, Regan was employed by Pro-T Co. Inc. of Broussard,
Louisiana ("Pro-T").

6.

At times pertinent hereto, Regan was a filtration technician employed by Pro-T
and working in the Gulf of Mexico, off the Louisiana coast aboard the *GLOBETROTTER
II.*

7.

Regan worked full time for Pro-T and received significant remuneration, plus
found and fringe benefits.

8.

Noble Drilling (U.S.), LLC is, upon information and belief, a foreign limited
liability company, organized under and existing by virtue of the laws of the State of
Delaware, having its principal place of business in Sugar Land, Texas.  Noble Drilling
(U.S.), LLC is licensed to do and doing business in this State and has designated its
principal Louisiana business establishment location as 3867 Plaza Tower Dr., Baton
Rouge, Louisiana.   Noble Drilling (U.S.), LLC may be cited to appear and answer herein
by serving its registered agent for service of process; namely, CT Corporation System,
3867 Plaza Tower Dr., Baton Rouge, Louisiana.

9.

Noble Drilling Services, Inc. is, upon information and belief, thought to be a foreign corporation, organized and existing by virtue of the laws of the State of Delaware, having its principal place of business in Sugar Land, Texas. However, unlike Noble Drilling (U.S.), LLC, Noble Drilling Services, Inc. is neither licensed to do business, nor has it appointed an agent for service of process in Louisiana in the manner provided by law. Noble Drilling Services, Inc. does business in the State of Louisiana, and thus may be cited to appear and answer herein by serving its statutory agent for service of process; namely, Hon. R. Kyle Ardoin, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana.

10.

Noble Drilling Holding, LLC is, upon information and belief, thought to be a foreign corporation, organized and existing by virtue of the laws of the State of Delaware, having its principal place of business in Sugar Land, Texas. However, unlike Noble Drilling (U.S.), LLC, Noble Drilling Holding, LLC is neither licensed to do business, nor it appointed an agent for service of process in the State of Louisiana in the manner provided by law. Noble Drilling Holding, LLC does business in the State of Louisiana and thus may be cited to appear and answer herein by serving its statutory agent for service of process; namely, Hon. R. Kyle Ardoin, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana.

11.

Noble Leasing II (Switzerland) GmbH is thought to be a corporation, or other business entity, organized and existing by virtue of the laws of Switzerland (officially known at the "Swiss Confederation") a landlocked country located in continental Europe. Noble Leasing II (Switzerland) GmbH may thus be cited to appear and answer herein by service of process through the provisions of the Hague Convention.

12.

Shell Oil Company is thought to be a foreign corporation organized under and existing by virtue of the laws of the State of Delaware, having its principal place of business in Houston, Texas. Shell Oil Company is licensed to do and doing business in the State of Louisiana and has designated its principal Louisiana business establishment to be located at 3867 Plaza Tower Dr., Baton Rouge, Louisiana. Shell Oil Company may be cited to appear and answer herein by serving its agent for service of process; CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana.

13.

Shell Offshore, Inc. is thought to be a foreign corporation organized and existing by virtue of the laws of the State of Delaware, having its principal place of business in Houston, Texas. Shell Offshore, Inc. is licensed to do and doing business in the State of Louisiana, and has designated its principal Louisiana business establishment to be located at 5615 Corporate Blvd., Ste. 400B, Baton Rouge, Louisiana. Shell Offshore, Inc. may be cited to appear and answer herein by serving its registered agent for service of process; namely, CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana.

14.

The GLOBETROTTER II (*"GLOBETROTTER II"*). is an ultra-deep-water drillship 620 feet in length, 105 feet in breadth, and 62 feet in depth, as is more fully described and shown in Exhibit "A".

15.

At all times pertinent hereto, the Noble Defendants owned, operated, manned, managed and controlled the ultra-deep-water drillship *NOBLE GLOBETROTER II*. In the alternative, at all times pertinent hereto, the Shell Defendants managed and controlled the *GLOBETROTTER II*. In the further alternative, at all times pertinent hereto, the Noble Defendants and the Shell Defendants jointly managed and controlled the *GLOBETROTTER II*.

16.

It has become necessary to institute this civil action as a result of injuries and damage suffered by Regan on or about Saturday, August 28, 2021 as a consequence of the negligence, negligence *per se*, carelessness, and omission of duty, as well as the recklessness, gross negligence, and willful and wanton conduct on the part of the Noble Defendants and the Shell Defendants, either acting alone or in concert including, but not limited to, the conscious decision made by the Noble Defendants and Shell Defendants in the days leading up to and during Hurricane Ida – one of the most powerful and damaging hurricanes to ever strike the United States.

17.

Although Hurricane Ida made landfall along the Southeast Louisiana coast on Sunday, August 29, 2021, numerous around-the-clock warnings were issued days in advance about the storm's gathering strength. In the days before Saturday, August 28, 2021, the National Weather Service, the National Hurricane Center and the European Hurricane Model pin-pointed Hurricane Ida's probable landfall to be along the Louisiana coast between Morgan City, Louisiana and Grand Isle, Louisiana. As projected, Hurricane Ida made landfall in Southeast Louisiana, near Port Fourchon with sustained winds of 150 miles per hours, with wind gusts up to 165 mph.

18.

At all times pertinent hereto, the *GLOBETROTTER II* was working in the Gulf of Mexico, off the Louisiana coast for the benefit of, and at the direction of, the Noble Defendants and the Shell Defendants. In the days leading up to Saturday, August 28, 2021, Hurricane Ida entered the Gulf of Mexico taking direct aim at the Southeast Louisiana coast.

19.

Unfortunately for the *GLOBETROTTER II* and her crew and all aboard, neither the

Noble Defendants nor the Shell Defendants cared about the catastrophic hazards posed to

the *GLOBETROTTER II* and her crew members.

20.

On August 28, 2021, Regan was aboard the *GLOBETROTTER II* in the Gulf of

Mexico. Despite the undeniable path of Ida, the Noble Defendants and the Shell

Defendants continued to operate the *GLOBETROTTER II* in direct defiance and willful

disregard of and indifference to all weather information made available to the

*GLOBETROTTER II,* as well as the broadcasted weather information made available to

mariners by the National Weather Service and the National Hurricane Center.

21.

In the hours before Hurricane Ida's arrival at the place where the

*GLOBETROTTER II* was then located in the Gulf of Mexico, the *GLOBETROTTER II*

unlatched from its sub-sea drilling activities and headed directly into the approaching

storm. The Noble Defendants and the Shell Defendants then placed *GLOBETROTTER II*

on a collision course with Hurricane Ida -- within ten (10) miles of her eyewall.

22.

The GLOBETROTTER II and her crew and all aboard were exposed to 150 miles

per hour winds, gusting up to 165 miles per hours and 80-95 foot sea swells causing the

GLOBETROTTER II to violently sway, yaw and pitch so severely that her crew was., at

times, forced to walk on her walls, rather than the interior walkways.  The sway was so

extreme that the GLOBETROTTER II almost capsized several times and that all on

board thought they were going to die.

23.

Regan was violently tossed by the extreme weather that struck the Globetrotter II,

causing him to be slammed by walls and the rising and pitching decks, all of which

caused serve, permanent and life changing injuries to your plaintiff.

24.

The injuries suffered by Regan were cause by the legal fault, negligence, negligence *per se,* carelessness, and omission of duty, as well as by the recklessness, gross negligence and willful and wanton conduct on the part of the Noble Defendants and the Shell Defendants, either acting alone or in concert, without any legal fault, negligence, carelessness or omission of duty on the part of Regan, causing or contributing in any way thereto.

25.

The legal fault, negligence, negligence *per se,* carelessness, and omission of duty, as well as the recklessness, gross negligence, and willful and wanton conduct on the part of the Noble Defendants and the Shell Defendants, either acting alone or in concert, consisted of the following acts and omissions:

a.  In failing to instruct, train, and supervise the crew of the *GLOBETROTTER II* or, in the alternative, in failing to adequately instruct, train, and supervise the crew of the *GLOBETROTTER II;*

b.  In that the *GLOBETROTTER II* was not in the charge of competent persons and crew;

c.  In failing to timely and seasonably order the *GLOBETROTTER II* to move off of its drilling location and out of the path of Hurricane Ida;

d.  In failing to timely and seasonably move the *GLOBETROTTER II* off its drilling location and out of the path of Hurricane Ida;

e.  In failing to promulgate, adopt, and enforce safety practices, safety policies, and safety procedures concerning hazard mitigation during a hurricane or, in the alternative, in failing to promulgate, adopt, and enforce adequate safety practices, safety policies, and safety procedures concerning hazard mitigation during a hurricane;

f.      In failing to timely and seasonably evacuate the *GLOBETROTTER II* of all

nonessential personnel well in advance of the approach of Hurricane Ida;

g.      In failing to insist that the *GLOBETROTTER II* be brought into the nearest

port, before she was hit by Hurricane Ida;

h.      In violating applicable United States Coast Guard, and BSEE regulations.

26.

Regan sustained serious and potentially permanent injuries to his body and mind,

the full extent of which has not yet been determined, due to and because of the legal fault,

negligence, negligence *per se*, carelessness and omission of duty, as well as the

recklessness, gross negligence and willful and wanton conduct on the part of the Noble

Defendants and the Shell Defendants, either acting alone or in concert.  More particularly,

Regan has been caused and may be caused to suffer:

a)  Pain, humiliation and suffering;

b)  Inconvenience;

c)  Loss of enjoyment of life;

d)  Bodily injuries;

e)  Lost past wages;

f)  Loss of future wage earning capacity;

g)  Scarring;

h)  Mental anguish, aggravation;

i)  Medical expenses, both past & future.

27.

In addition to all compensatory damages to which Regan is otherwise entitled to

receive, your plaintiff is also entitled to punitive damages because the Noble Defendants

and Shell Defendants, acted, either alone or in concert, with willful and wanton disregard

of Regan's rights to, among other things, a safe workplace. The Noble and Defendants

and the Shell Defendants were well aware of the grave danger to human life presented by

the Hurricane Ida in the area of the Gulf of Mexico where the *GLOBETROTTER II* and

her crew and all aboard *GLOBETROTTER II* were working but did absolutely nothing to

eliminate or mitigate those hazards. Rather, the Noble Defendants and the Shell

Defendants ignored the grave hazard to human life presented by Hurricane Ida and

ordered the *GLOBETROTTER II* crew members to continue working.

28.

The acts and omissions of the Noble Defendants and the Shell Defendants

involved a callous disregard for Regan's safety due to the extreme degree of danger and

considering the probability and magnitude of potential harm to human life. Moreover, the

Noble and Shell Defendants had actual, subjective knowledge of the extreme risk of harm

to human life involved, and consciously disregarded the risk by ordering that the crew of

the *GLOBETROTTER II* to continue to work and refused to allow the *Globetrotter II* to

immediately evacuate and seek shelter from Hurricane Ida.

29.

Regan is entitled to and demands a trial by jury.

**WHEREFORE,** Regan prays that Defendants, Noble Drilling (U.S.), LLC, Noble

Drilling Services, Inc., Noble Drilling Holding, LLC, Noble Leasing II (Switzerland)

GmbH, Shell Oil Company, and Shell Offshore, Inc. be served with a copy of this, Regan's,

Petition for Damages and that these Defendants be cited to appear and answer herein; and

that after the lapse of all legal delays and due proceedings had, there be judgement in favor

of Regan and against these Defendants, in an amount reasonable in the premises, together

with legal interest and for all costs of these proceedings.

Respectfully submitted:

JONES & HILL, LLC

By: _____
J. Craig Jones
(La. Bar. Roll # 17648)
Craig Ray Hill
(La. Bar. Roll # 23780)
131 Hwy 165 S
Oakdale, Louisiana 71463
Attorney for Plaintiff
Jared Regan

**PLEASE SERVE:**

Noble Drilling (U.S.), LLC
Through its registered agent
For service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana

Noble Drilling Services, Inc.
Through its statutory agent
For service of process:
Hon. R. Kyle Ardoin,
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana

Noble Drilling Holding, LLC
Through its statutory agent
For service of process:
Hon. R. Kyle Ardoin,
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana

Noble Leasing II (Switzerland) GmbH
Hague Convention Service

Shell Oil Company
Through its registered agent
For service of process:
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana

Shell Offshore, Inc.
Through its registered agent
For service of process:
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana

Vermilion Parish
Filed Oct 20, 2021 2:18 PM
Shyla Landry
Deputy Clerk of Court

C-110148
J

**FIFTEENTH JUDICIAL DISTRICT COURT**
**PARISH OF VERMILLION**
**STATE OF LOUISIANA**

| | | |
|---|---|---|
| **JARED REGAN** | :: | |
| | :: | |
| **VERSUS** | :: | **DOCKET NO:**_____ |
| | :: | |
| **NOBLE DRILLING (U.S.) LLC,** | :: | |
| **NOBLE DRILLING SERVICES, INC.,** | :: | |
| **NOBLE DRILLING HOLDING, LLC,** | :: | |
| **NOBLE LEASING II (SWITZERLAND)** | :: | |
| **GMBH, SHELL OIL COMPANY,** | :: | |
| **AND SHELL OFFSHORE, INC.** | :: | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**REQUEST FOR NOTICE OF TRIAL DATE**

TO THE CLERK OF COURT OF THE PARISH OF VERMILLION, STATE OF LOUISIANA:

PLEASE TAKE NOTICE that J. Craig Jones, attorney for plaintiff herein, Jared Regan, hereby requests written notice of the date of trial of the above-captioned matter, as well as notice of hearings (whether on merits or otherwise), orders, judgments, and interlocutory decrees, and any and all formal steps taken by the parties herein, the Judge, or any member of the Court as provided in Louisiana Code of Civil Procedure, particularly Articles 1572, 1913, and 1914.

Respectfully submitted:

**JONES AND HILL, LLC**

By: _____
J. Craig Jones, 17648
131 Highway 165 South
Oakdale, Louisiana 71463
Telephone: (318) 335-1333
Facsimile:  (318) 335-1934
*Attorney for Plaintiff*
*Jared Regan*

Vermilion Parish
Filed Oct 20, 2021 2:18 PM
Shyla Landry
Deputy Clerk of Court

C-110148
J

# FIFTEENTH JUDICIAL DISTRICT COURT
# PARISH OF VERMILLION
# STATE OF LOUISIANA

**JARED REGAN**                                    ::
                                                   ::
**VERSUS**                                         ::        DOCKET NO. _____
                                                   ::
**NOBLE DRILLING (U.S.) LLC,**                     ::
**NOBLE DRILLING SERVICES, INC.,**                 ::
**NOBLE DRILLING HOLDING, LLC,**                   ::
**NOBLE LEASING II (SWITZERLAND)**                 ::
**GM■BH, SHELL OIL COMPANY,**                      ::
**AND SHELL OFFSHORE, INC.**                       ::
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER FOR TRIAL BY JURY

**CONSIDERING THE FOREGOING PETITION;**

**IT IS ORDERED** that Jared Regan's Motion For Trial By Jury is GRANTED.

Thus read and signed this **20** day of _____**October**_____ in Vermillion Parish,

Louisiana, 2021.

_____
**DISTRICT JUDGE, 15ᵀᴴ JDC**

Kristian Earles
SIGNED ON 10/20/2021





D2011401

# CITATION

**JARED REGAN**

**VS**

**NOBLE DRILLING U.S LLC, ET AL**

**FIFTEENTH JUDICIAL DISTRICT**

**PARISH OF VERMILION**

**STATE OF LOUISIANA**

**DOCKET NUMBER: C-110148**

**To:   NOBLE DRILLING U.S LLC**
**THROUGH ITS REGISTERED AGENT, FOR SERVICE OF PROCESS:**
**C T CORPORATION SYSTEM**
**3867 PLAZA TOWER DR**
**BATON ROUGE, LA**

**Parish:  EAST BATON ROUGE**

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing an Answer or other pleading to said Petition, in the Fifteenth Judicial District Court in and for the Parish of Vermilion, State of Louisiana, within **fifteen (15) days** after the service hereof, under penalty of default.

This service was requested by **JONES, J CRAIG** and was issued by the Clerk of Court on the **22ND DAY OF OCTOBER, 2021.**

\* Also attached are the following documents:

I made service on the named party through
CT Corporation
NOV 0 2 2021
by tendering a copy of this document to
Ashley Minvielle

E. CUMMINS
Deputy Sheriff of the Parish of Baton Rouge, Louisiana

_____ Kaylen Clark _____
Deputy Clerk of Court for
Diane Meaux Broussard
Clerk of Court

2021 NOV 10  PM 12: 05
VERMILION PARISH, LA
FILED & RECORDED BY

**SERVICE INFORMATION**

RECEIVED ON THE _____ DAY OF _____ , 20 _____ AND ON THE _____ DAY OF _____ , 20 _____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____ .

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____ , A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED:  PARISH OF _____ THIS _____ DAY OF _____ , 20 _____ .

SERVICE   $ _____          BY: _____
MILEAGE $ _____                      DEPUTY SHERIFF
TOTAL     $ _____

**RETURN**

Exhibit A, pg. 15





D2011419

# CITATION

**JARED REGAN**

**VS**

**NOBLE DRILLING U.S LLC, ET AL**

**FIFTEENTH JUDICIAL DISTRICT**

**PARISH OF VERMILION**

**STATE OF LOUISIANA**

**DOCKET NUMBER: C-110148**

**To:   SHELL OFFSHORE INC**
**THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:**
**CT CORPORATION SYSTEM**
**3867 PLAZA TOWER  DRIVE**
**BATON ROUGE,  LA**

**Parish:  EAST BATON ROUGE**

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing an Answer or other pleading to said Petition, in the Fifteenth Judicial District Court in and for the Parish of Vermilion, State of Louisiana, within **fifteen (15) days** after the service hereof, under penalty of default.

This service was requested by **JONES, J CRAIG** and was issued by the Clerk of Court on the **22ND DAY OF OCTOBER, 2021**.

\* Also attached are the following documents:

I made service on the named party through the
CT Corporation
NOV 0 2 2021
by tendering a copy of this document to
Ashley Minvielle
E. CUMMINS
*Legal Secretary / State of East Baton Rouge, Louisiana*

*Kaylen Clark*
_____
Deputy Clerk of Court for
Diane Meaux Broussard
Clerk of Court

2021 NOV 10  PM 12: 05

VERMILION PARISH, LA
DEPUTY / CLERK OF COURT

### SERVICE INFORMATION

RECEIVED ON THE _____ DAY OF _____, 20____ AND ON THE _____ DAY OF _____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED:  PARISH OF _____ THIS _____ DAY OF _____, 20____ .

SERVICE   $_____          BY:_____
MILEAGE $_____                        DEPUTY SHERIFF
TOTAL    $_____

**RETURN**

Exhibit A, pg. 16





D2012391

# CITATION

| | |
|---|---|
| **JARED REGAN** | **FIFTEENTH JUDICIAL DISTRICT** |
| **VS** | **PARISH OF VERMILION** |
| **NOBLE DRILLING U.S LLC, ET AL** | **STATE OF LOUISIANA** |
| | **DOCKET NUMBER: C-110148** |

To:  **SHELL OIL CO**
**THROUGH ITS REGISTERED AGENT: C T CORP SYSTEM**
**3867 PLAZA TOWER DRIVE**
**BATON ROUGE,  LA**

Parish:  **EAST BATON ROUGE**

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing an Answer or other pleading to said Petition, in the Fifteenth Judicial District Court in and for the Parish of Vermilion, State of Louisiana, within **fifteen (15) days** after the service hereof, under penalty of default.

This service was requested by **JONES, J CRAIG** and was issued by the Clerk of Court on the **22ND DAY OF OCTOBER, 2021**.

\* Also attached are the following documents:

I made service on the named party through the
CT Corporation
**NOV 0 2 2021**
by tendering a copy of this document to
Ashley Minvielle
E. CUMMINS
Deputy Sheriff of ___ Baton Rouge, Louisiana

Kaylan Clark

_____
Deputy Clerk of Court for
Diane Meaux Broussard
Clerk of Court

### SERVICE INFORMATION

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF _____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20_____.

| | |
|---|---|
| SERVICE $_____ | BY:_____ |
| MILEAGE $_____ | DEPUTY SHERIFF |
| TOTAL    $_____ | |

**RETURN**





D2011393

# CITATION

| | |
|---|---|
| **JARED REGAN** | **FIFTEENTH JUDICIAL DISTRICT** |
| **VS** | **PARISH OF VERMILION** |
| **NOBLE DRILLING U.S LLC, ET AL** | **STATE OF LOUISIANA** |
| | **DOCKET NUMBER: C-110148** |

**To:  NOBLE DRILLING SERVICES INC**
**THROUGH ITS STATUTORY AGENT, FOR SERVICE PROCESS:**
**HON. R. KYLE ARDOIN LOUISIANA SECRETARY OF STATE**
**8585 ARCHIVES AVE**
**BATON ROUGE,  LA**

**Parish:  EAST BATON ROUGE**

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing an Answer or other pleading to said Petition, in the Fifteenth Judicial District Court in and for the Parish of Vermilion, State of Louisiana, within **fifteen (15) days** after the service hereof, under penalty of default.

This service was requested by **JONES, J CRAIG** and was issued by the Clerk of Court on the **22ND DAY OF OCTOBER, 2021.**

\* Also attached are the following documents:

I made service on the named party through the

Office of the Secretary of State on

**NOV 0 2 2021**

by tendering a copy of this document to:

JULIE NESBITT

DY. M. LOCKWOOD #0303

Deputy Sheriff EBR, East Baton Rouge, LA

_____
Deputy Clerk of Court for
Diane Meaux Broussard
Clerk of Court

### SERVICE INFORMATION

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF _____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED:  PARISH OF _____ THIS _____ DAY OF _____, 20____.

SERVICE   $_____          BY:_____
MILEAGE $_____                         DEPUTY SHERIFF
TOTAL    $_____

**RETURN**





D2011385

# CITATION

JARED REGAN

VS

NOBLE DRILLING U.S LLC, ET AL

FIFTEENTH JUDICIAL DISTRICT

PARISH OF VERMILION

STATE OF LOUISIANA

DOCKET NUMBER: C-110148

**To:   NOBLE DRILLING HOLDING LLC**
**THROUGH ITS STATUTORY AGENT FOR SERVICE OF PROCESS:**
**HON. R. KYLE ARDOIN, LOUISIANA SECRETARY OF STATE**
**8585 ARCHIVES AVENUE**
**BATON ROUGE, LA**

**Parish:  EAST BATON ROUGE**

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing an Answer or other pleading to said Petition, in the Fifteenth Judicial District Court in and for the Parish of Vermilion, State of Louisiana, within **fifteen (15) days** after the service hereof, under penalty of default.

This service was requested by **JONES, J CRAIG** and was issued by the Clerk of Court on the **22ND DAY OF OCTOBER, 2021.**

* Also attached are the following documents:

I made service on the named party through the
Office of the Secretary of State on
**NOV 0 2 2021**
by tendering a copy of this document to:
JULIE NESBITT
BY: M. LOCKWOOD #0803
Deputy Sheriff, Parish of East Baton Rouge, LA

_Kaylen Clark_

Deputy Clerk of Court
Diane Meaux Broussard
Clerk of Court

2021 NOV 10 PM 12: 02
VERMILION PARISH, LA
FILED ON THIS DAY

SERVICE INFORMATION

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF _____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED:  PARISH OF _____ THIS _____ DAY OF _____, 20____.

SERVICE  $_____         BY:_____
MILEAGE $_____                      DEPUTY SHERIFF
TOTAL    $_____

**RETURN**

Vermilion Parish
Filed Nov 24, 2021 2:46 PM
Cymone Thibeaux
Deputy Clerk of Court
FAX Received Nov 17, 2021

C-110148
J

## 15th JUDICIAL DISTRICT COURT FOR THE PARISH OF VERMILION
## STATE OF LOUISIANA

No. C-110148                                                    Division "J"

### JARED REGAN

### VERSUS

### NOBLE DRILLING (U.S.), LLC, NOBLE DRILLING SERVICES, INC., NOBLE DRILLING HOLDING, LLC, NOBLE LEASING II (SWITZERLAND) GmbH, SHELL OIL COMPANY, and SHELL OFFSHORE, INC.

Filed:_____          _____
                                                       DEPUTY CLERK

### NOTICE OF FILING NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Noble

Drilling (U.S.), LLC ("Noble Drilling"), who hereby provides notice to this Court that

this matter has been removed to the United States District Court for the Western District

of Louisiana, Lafayette Division, pursuant to 28 U.S.C. § 1441. A copy of the federal

court Notice of Removal is attached hereto as Exhibit "A." This Court is respectfully

requested to proceed no further in this action unless and until such time as the action may

be remanded by order of the United States District Court.

Respectfully submitted:

KEAN MILLER LLP

_____
ROBERT M. KALLAM (#20242)
TAYLOR ASHWORTH (#39404)
600 Jefferson Street, Suite 1101
Lafayette, Louisiana 70501
Telephone: (337) 235-2232

BRADLEY J. SCHLOTTERER (#24211)
SEAN T. McLAUGHLIN (#31870)
First Bank and Trust Tower
909 Poydras Street, Suite 3600
New Orleans, Louisiana 70112
Telephone: (504) 585-3050
ATTORNEYS FOR NOBLE DRILLING (U.S.), LLC

This 17th day of November, 2021

1

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing has been forwarded to all known counsel of record via electronic mail, facsimile, or by U.S. First Class Mail, postage prepaid and properly addressed, on this 17th day of November, 2021.

TAYLOR ASHWORTH

2

Vermilion Parish
C-110148
Filed Nov 24, 2021 2:46 PM          J
Cymone Thibeaux
Deputy Clerk of Court
FAX Received Nov 17, 2021

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JARED REGAN | CIVIL ACTION |
| versus | NO.: 21-3993 |
| NOBLE DRILLING (U.S.), LLC ET AL | DISTRICT JUDGE |
| | MAGISTRATE JUDGE |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Noble Drilling (U.S.), LLC ("Noble Drilling") who removes the action entitled *"Jared Regan versus Noble Drilling (U.S.), LLC, Noble Drilling Services, Inc., Noble Drilling Holding, LLC, Noble Leasing II (Switzerland) GmbH, Shell Oil Company, and Shell Offshore, Inc."* Docket No. C110148J, from the 15th Judicial District Court for the Parish of Vermilion, State of Louisiana, to the United States District Court for the Western District of Louisiana, Lafayette Division, pursuant to 43 U.S.C. § 1349 and 28 U.S.C. §§ 1331, 1332, 1333 and 1441, *et seq.,* as well as the additional grounds discussed in this Notice of Removal.  In support hereof, Noble Drilling avers as follows:



### PLAINTIFF'S CLAIMS

1.

On or about October 20, 2021, the above-entitled action was commenced in the 15th Judicial District Court, Parish of Vermilion State of Louisiana.  Attached as Exhibit "A" is a complete copy of all pleadings currently filed in the 15th Judicial District Court for the Parish of Vermilion.

2.

In Plaintiff's Petition, Plaintiff alleges as follows:

- "At all times pertinent hereto, the *GLOBETROTTER II* was working in the Gulf of Mexico, off the Louisiana coast...." Petition, at Paragraph 18.

- "At times pertinent hereto, Regan was a filtration technician employed by Pro-T and working in the Gulf of Mexico, off the Louisiana coast aboard the *GLOBETROTTER II*." Petition, at Paragraph 6.

- "The *GLOBETROTTER II* is an ultra-deep-water drillship 620 feet in length, 105 feet in breadth, and 62 feet in depth..." Petition, at Paragraph 14.

- "On August 28, 2021, Regan was aboard the *GLOBETROTTER II* in the Gulf of Mexico." Petition, at Paragraph 20.

- "This action is brought under 33 U.S.C. § 905(b) of LHWCA as modified by the General Maritime Law of the United States...." Petition, at Paragraph 2.

3.

Plaintiff's Petition does not allege that he is a Jones Act seaman.

### GROUNDS FOR REMOVAL

I.      **Jurisdiction Under 43 U.S.C. § 1349 (OCSLA)**

4.

At all relevant times, the *GLOBETROTTER II* was under contract to provide services in or around Mississippi Canyon block 809 ("MC 809"). MC 809 is located on the Outer Continental Shelf approximately 140 miles south-southeast of New Orleans. The services performed by the *GLOBETROTTER II* involve the exploration, development, and/or production of the minerals of the subsoil and seabed of the Outer Continental Shelf. "But for" those operations on the Outer Continental Shelf, Plaintiff's alleged claims (which are denied) would not have arisen.

5.

For the reasons set forth above, this Court has jurisdiction over this action because District Courts of the United States have original jurisdiction over cases and controversies arising out of or in connection with any operation conducted on the Outer Continental Shelf.

6.

This Court therefore has original subject matter jurisdiction under 43 U.S.C. § 1349(b).

II.     **Alternatively, Jurisdiction Under 28 U.S.C. § 1331 (Federal Question)**

7.

Alternatively, this Court also has original subject matter jurisdiction under 28 U.S.C. § 1331, in that the claims asserted may arise under federal statutes, namely, the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq.*

### III.    Alternatively, Jurisdiction Under 28 U.S.C. § 1332 (Diversity)

8.

Alternatively, this Court also has original subject matter jurisdiction under 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and complete diversity exists between the Plaintiff and all Defendants.

9.

Plaintiff, Jared Regan, is alleged to be a citizen of the State of Louisiana. Petition, at Paragraph 4.

10.

Defendant, Noble Drilling (U.S.) LLC is a limited liability company and its sole member is Noble Drilling Services LLC.  Noble Drilling Services LLC was formerly known as Noble Drilling Services, Inc.

11.

Defendant, Noble Drilling Services LLC f/k/a Noble Drilling Services Inc. is a limited liability company and its sole member is NDSI Holding Limited.  NDSI Holding Limited is an exempted company incorporated in the Cayman Islands with limited liability.  NDSI Holding Limited's sole member is Noble Holding (U.S.) LLC.  Noble Holding (U.S.) LLC's sole member is Noble Corporation Holding LLC.  Noble Corporation Holding LLC's sole member is Noble Corporation Holdings Ltd.  Noble Corporation Holdings Ltd. is an exempted company incorporated in the Cayman Islands with limited liability limited by shares.  Noble Corporation Holdings Ltd.'s sole member is Noble Eagle LLC.  Noble Eagle LLC's sole member is Noble NEC Holdings Limited, which is incorporated in England and Wales as a private company limited by

shares.  Noble NEC Holdings Limited's sole member is Noble 2018-IV Guarantor LLC.  Noble

2018-IV Guarantor LLC's sole member is Noble Finance Company.  Noble Finance Company is

a Cayman Islands exempted company limited by shares.  Noble Finance Company's sole member

is Noble Corporation.  Noble Corporation is incorporated in the Cayman Islands and has its

principal place of business in Texas.  Accordingly, Noble Drilling Services LLC f/k/a Noble

Drilling Services, Inc. and Noble Drilling (U.S.) LLC are not citizens of Louisiana.

12.

Defendant, Noble Drilling Holding LLC is a limited liability company and its sole member

is Noble Cayman Limited.  Noble Cayman Limited's sole member is Noble Boudreaux Limited.

Noble Boudreaux Limited is a Cayman Islands LLC and its sole member is Noble Drilling Services

6 LLC.  Noble Drilling Services 6 LLC's sole member is Noble 2018-III Guarantor LLC.  Noble

2018-III Guarantor LLC's sole member is Noble Holding International Limited.  Noble Holding

International Limited is a Cayman Islands exempted company limited by shares and its sole

member is Noble SCS Cayman LP.  Noble SCS Cayman LP is a Cayman Island partnership, and

its partners include Noble Drilling Services 2 LLC as the general partner and Noble Drilling

Services LLC (see Paragraph 11) as the limited partner.  Noble Drilling Services 2 LLC's sole

member is Noble Holding (U.S.) LLC (see Paragraph 10 & 11).  Accordingly, Noble Drilling

Holding LLC is not a citizen of Louisiana.

13.

Named Defendant, Noble Leasing II (Switzerland) GmbH, was misnamed and may now

be referred to as Paragon Offshore Leasing (Switzerland) and is possibly defunct.  This entity has

not been properly served, and alternatively, has been improperly joined.  As such, its citizenship

is not considered when determining citizenship of the parties for purposes of removal. *Texas Brine Co., LLC v. American Arbitration Assoc, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020). Regardless, neither the entity Noble Leasing II (Switzerland) GmbH nor Paragon Offshore Leasing (Switzerland) are a citizen of the State of Louisiana.

14.

Defendant, Shell Oil Company, is a Delaware corporation with a principal place of business in the State of Texas. It is not a citizen of the State of Louisiana.

15.

Defendant, Shell Offshore Inc. is a Delaware corporation with a principal place of business in the State of Texas. It is not a citizen of the State of Louisiana.

16.

Plaintiff is a citizen of Louisiana. No properly joined and served Defendants are citizens of Louisiana. Thus, complete diversity is present. This Court therefore has original subject matter jurisdiction under 28 U.S.C. § 1332.

**IV.    Alternatively, Jurisdiction Under 28 U.S.C. § 1333 (Admiralty)**

17.

Alternatively, this Court also has original subject matter jurisdiction under 28 U.S.C. § 1333. Plaintiff has alleged claims under 33 U.S.C. § 905(b) of the LHWCA as modified by the General Maritime Law of the United States related to his alleged presence aboard a vessel located on navigable waters.

## REMOVAL PROCEDURE

18.

This matter is removable under 28 U.S.C. § 1441, in that it is a civil action over which the United States District Court for the Western District of Louisiana has original subject matter jurisdiction under 43 U.S.C. § 1349 and/or 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1333.

**I.     The Savings to Suitors Clause.**

19.

As set forth above, this Court has original subject matter jurisdiction under 43 U.S.C. § 1349 (OCSLA).  And alternatively, this Court has original subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and/or 28 U.S.C. § 1332 (diversity).

20.

The "savings to suitors clause" does not guarantee Plaintiff a nonfederal forum or limit the right of defendants to remove such action to federal court where there exists some basis for federal jurisdiction other than admiralty. *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 220 (5th Cir. 2013); *Tennessee Gas Pipe v. Houston Cas. Ins. Co.*, 87 F.3d 150, 152-153 (5th Cir. 1996).

21.

Instead, removal of allegedly maritime cases is permissible as long as there is an independent basis for federal jurisdiction like OCSLA. Further, "federal courts retain their original federal question jurisdiction under OCSLA even where maritime law eventually provides the substantive rule of decision." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 220 (5th Cir. 2013); *Morris v. T.E. Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003).

22.

Here, there is an independent basis for federal jurisdiction besides admiralty, including, but not limited to, 43 U.S.C. § 1349 (OCSLA), 28 U.S.C. § 1331 (federal question), and/or 28 U.S.C. § 1332 (diversity).  Accordingly, the "savings to suitors clause" contained in 28 U.S.C. § 1333 does not prevent removal of this action.

**II.      Venue and Timeliness.**

23.

Venue is proper in this court pursuant to 28 U.S.C. § 1446(a) because Vermilion Parish, from which the state court action has been removed, belongs to and/or forms part of this District and the Lafayette Division.

24.

Defendant, Noble Drilling (U.S.) LLC, was served on November 2, 2021, with a copy of the Petition for Damages and a Citation issued by the 15th Judicial District Court for the Parish of Vermilion.  See Exhibit "A," at Page 16.

25.

Noble Drilling has filed this Notice of Removal within thirty (30) days of it being served on November 2, 2021.  Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

### III.    Consent to Removal.

26.

Under 28 U.S.C. § 1446(b)(2)(A), in certain removals "all defendants who have been properly joined and served must join in or consent to the removal of the action."

27.

Named Defendants to this matter, Noble Drilling Services LLC f/k/a Noble Drilling Services, Inc. and Noble Drilling Holding LLC, consent to this removal as evidenced by their signed Written Consent to Removal, which is attached hereto as Exhibit "B."

28.

Named Defendants to this matter, Shell Oil Company and Shell Offshore Inc. consent to this removal as evidenced by their signed Written Consent to Removal, which is attached hereto as Exhibit "C".

29.

Named Defendant to this matter, Noble Leasing II (Switzerland) GmbH, is a defunct entity that has not been served and/or was improperly joined.  As such, all defendants who have been properly joined and served join in or consent to the removal of this action.

IV.    **Other Matters.**

30.

In accordance with the provisions of 28 U.S.C. § 1446(a), Noble Drilling attaches as Exhibit "A" to this Notice of Removal, a true and correct copy of all process, pleadings, and Orders filed in the action entitled *"Jared Regan versus Noble Drilling (U.S.), LLC, Noble Drilling Services, Inc., Noble Drilling Holding, LLC, Noble Leasing II (Switzerland) GmbH, Shell Oil Company, and Shell Offshore, Inc."* Docket No. C110148J, 15th Judicial District Court for the Parish of Vermilion, State of Louisiana.

31.

Written notice of the filing of this Notice of Removal will be given to Plaintiff, as required by the provisions of 28 U.S.C. § 1446(d).

32.

A true and correct copy of this Notice of Removal will be filed with the Clerk of Court for the 15th Judicial District Court for the Parish of Vermilion, State of Louisiana, as required by the provisions of 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant, Noble Drilling (U.S.) LLC hereby removes this action to the United States District Court for the Western District of Louisiana.

Respectfully submitted:

KEAN MILLER LLP

TIMOTHY WAYNE STRICKLAND (TX #19396298)
STACEY TYREE NORSTRUD (TX #24025363)
*Pro hac to be applied for*
711 Louisiana Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 844-3000

___/s/ Robert M. Kallam___
ROBERT M. KALLAM (TX #24034175; LA #20242)
TAYLOR ASHWORTH (LA #39404)
600 Jefferson Street, Suite 1101
Lafayette, Louisiana 70501
Telephone: (337) 235-2232

BRADLEY J. SCHLOTTERER (LA #24211)
SEAN T. McLAUGHLIN (LA #31870)
First Bank and Trust Tower
909 Poydras Street, Suite 3600
New Orleans, Louisiana 70112
Telephone:  (504) 585-3050

ATTORNEYS FOR NOBLE DRILLING (U.S.), LLC AND NOBLE
DRILLING SERVICES LLC F/K/A NOBLE DRILLING SERVICES
INC. AND NOBLE DRILLING HOLDING LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 17th day of November, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to those who are non-CM/ECF participants.

___/s/ Robert Kallam___
Robert Kallam